# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLOS ANTHONY MILLER, | : | Case No. 3:18-cv-00176 |
| Plaintiff, | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| STATE OF OHIO, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Carlos Anthony Miller is proceeding *pro se* in his present action against Defendant State of Ohio. His Complaint alleges, verbatim:[2]

> State of Ohio is claiming that in 1-8-2015 that I started a fire. My attorney from legal aid Mr. Vic Hogh asks the police was their a fire and they said no.

(Doc. #2, *PageID* #14). The relief he requests is "to have me release from Summit Health Care Cincinnati, Ohio. *Id.* at 15.

The Court previously granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. Consequently, his Complaint must be reviewed to determine whether its dismissal is warranted because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2); *see, e.g.*, *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559-60

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] The quotes that follow are verbatim and without "[sic]" or attempted correction.

(6th Cir. 2013). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte. Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Accepting Plaintiff's factual allegations as true and liberally construing his *pro se* Complaint in his favor*, see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), brings a problem to the forefront. He seeks release from a health-care facility—presumably he is there involuntarily—because he did not start the fire he was accused of starting and the police acknowledged to his attorney that there actually was no fire to begin with. Construing his Complaint liberally in his favor, he must be challenging the state-court judgment that effected his involuntary placement at Summit Healthcare. Nothing in Plaintiff's Complaint indicates that he seeks the remedy of monetary damages.

The source of Plaintiff's injury (his allegedly erroneous involuntary placement) was the state-court order that effected his involuntary placement. This Court lacks jurisdiction over a claim that attacks a state-court judgment in this manner. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) (If the source of the plaintiff's injury "is

the state court judgment, then the *Rooker-Feldman* doctrine[3] would prevent the district court from asserting jurisdiction"). The Complaint, moreover, contains no claim for damages or an independent claim over which this court may assert jurisdiction.

Accordingly, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be dismissed; and

2. The case be terminated on the Court's docket.


May 25, 2018                                  *s/Sharon L. Ovington*
                                              Sharon L. Ovington
                                              United States Magistrate Judge

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **SEVENTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **SEVENTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).